UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMUEL AND GLORIA KING, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:10-CV-229 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES DEPARTMENT OF ) | |
| VETERAN'S AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Defendant United States Department of Veteran's Affairs ("Defendant") filed a motion to dismiss and supporting memorandum (Court File Nos. 4, 5). Plaintiffs Samuel and Gloria King (collectively, "Plaintiffs") did not file a timely response.[1] Defendant originally moved to dismiss this action based on lack of subject-matter jurisdiction, as barred by the statute of limitations, lack of personal jurisdiction, and insufficient service of process. Since the filing of the motion to dismiss, the defendant has acknowledged that service has been executed on the U.S. Attorney's office and the Attorney General (Court File No. 9). The Court finds it need not address the remaining issue of when service of process on the Veteran's Administration was effectuated because dismissal is warranted because the Court lacks subject matter jurisdiction.

For the following reasons, the Court will **GRANT** Defendant's motion to dismiss.

### I. FACTS

---

[1] Plaintiffs filed an untimely motion for an additional 30-day extension to reply to Defendant's motion, however, this motion was denied for reasons set forth in the Court's order (Court File No. 13).

Plaintiff Gloria King ("Ms. King") was injured on August 17, 2004, while disposing of medical waste on premises owned and operated by Defendant (Court File No. 1 ("Compl."), p. 1). Ms. King was employed by a contractor and as part of maintaining the defendant's facility, one of her duties was to dispose of medical waste by taking it to a "Dempster Dumpster" on the premises. As she was disposing of the waste, "a needle jutted through the plastic bag that contained the waste" and thus the needle was not disposed of using "proper precautions to prevent it from piercing the plastic bag" (*id.* at 2). Ms. King suffered immediate pain and anxiety when she was struck by the needle and after receiving injections and medications at the East Ridge Emergency Room, "[i]t took months to show that this needle did not expose or infect Ms. King with a serious virus or disease" (*id.*). On August 14, 2006, Ms. King sent a "Claim for Damage, Injury, or Death" on Standard Form 95 by certified mail (Court File No. 5-1). This claim was returned as undeliverable by the U.S. Postal Service and it did not reach Defendant until September 5, 2006 (Court File Nos. 5-2, 5-3). On May 23, 2008, Tammy Kennedy, Regional Counsel, Department of Veterans Affairs sent a denial letter via certified mail to Plaintiffs' counsel stating the claim was denied as untimely filed and any suit challenging denial "must be initiated within six months" of the letter (Court File No. 5-3). There is no record of any claim filed by Plaintiff Samuel King ("Mr. King") with the defendant.

Plaintiffs filed the instant action on August 17, 2010. Ms. King claims Defendant was negligent based on the failure of its employees to safely dispose of needles and seeks damages commensurate with her injuries. Mr. King seeks damages based on his loss of consortium.

## II. STANDARD OF REVIEW

Although Defendant cites Rule 12(b)(2) of the Federal Rules of Civil Procedure in support of a dismissal based on sovereign immunity, this is a challenge of subject matter jurisdiction which would fall under Rule 12(b)(1). *See, e.g.*, *Hedgepeth v. Tennessee*, 215 F.3d 608, 610 (6th Cir. 2000). Because Defendant's motion clearly communicates a challenge to subject matter jurisdiction and its intent to assert immunity, the Court will treat the motion as properly brought under Rule 12(b)(1) despite the reference to Fed. R. Civ. P. 12(b)(2).

A motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial or a factual attack. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). Because Defendant has attached evidence in support of the motion to dismiss, the Court construes this as an attack on the factual basis for subject matter jurisdiction. *See, e.g.*, *Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Id.* (citing *Golden*, 410 F.3d at 881).

## III. DISCUSSION

Defendant argues Plaintiffs' failure to comply with the requisite procedures of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA") bars their ability to maintain an action in this Court. Defendant cites as error Ms. King's failure to timely present her initial claim to the appropriate federal agency, and her filing of the instant action over twenty-six months after Defendant mailed a denial of her claim. Further, Defendant notes Plaintiff Mr. King has not alleged any exhaustion of remedies pursuant to Fed. R. Civ. P. 9(c), nor is there any claim filed by Mr. King in Defendant's records.

As a general rule, suits against the United States, as sovereign, are barred unless the United States consents to be sued "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA provides the terms by which Plaintiffs may bring the instant action alleging tortious conduct by Defendant. Pursuant to Section 2675(a) of the FTCA, Plaintiffs are precluded from bringing a judicial action:

> against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a).

A claim is "forever barred" unless it is presented to the appropriate federal agency within two years after the claim accrues or unless the action is begun within six months after the date of mailing a notice of denial of such claim by the agency to which it was presented. 28 U.S.C. § 2401(b). A clam is deemed to be presented "when a federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95." 28 C.F.R. § 14.2(a).

Ms. King was injured on August 17, 2004, and mailed a Form 95 on or about August 14, 2006, and was returned to Plaintiffs' counsel as undeliverable (Court File No. 5-2). Defendant did not receive the claim until September 7, 2006, more than two years after the claim accrued (Court File No. 5-3), and thus fails to satisfy the requirements of 28 U.S.C. § 2675(a). Furthermore, Defendant sent notice of denial of Ms. King's claim by certified mail on May 23, 2008 (Court File No. 5-3). This notice was received and signed for by an individual at Plaintiff's counsel's address

4

on May 27, 2008 (Court File No. 5-4). This action was filed on August 17, 2010, well in excess of the six-month period required by 28 U.S.C. § 2401(b). Defendant has yet to receive any claim from Mr. King, therefore any claim for loss of consortium arising out of the injury sustained by his wife on August 17, 2004 has failed to satisfy the jurisdictional prerequisites of 28 U.S.C. §§ 2675(a), 2401 (b).

Strict compliance with the FTCA's presentment and filing requirements is necessary to provide this Court with subject matter jurisdiction to entertain this action. *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002); *see also Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982)("There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit"). As the Sixth Circuit clearly outlined in *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981):

> The requirement in 28 U.S.C. § 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act and the two year statute of limitations prescribed by 28 U.S.C. § 2401(b) are valid conditions under which suits may be maintained under the statute. These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel.

*Id.* at 25. Thus, the Court has subject matter jurisdiction over the instant claim only if Plaintiffs have presented a claim to the appropriate federal agency within two years of accrual and filed their complaint within six months after the agency mails notice of denial of the claim. *Id.;* 28 U.S.C. § 2675(a).

Accordingly, because Plaintiffs have failed to comply with the jurisdictional prerequisites for maintaining suit against Defendant under the FTCA, the Court lacks subject matter jurisdiction and dismissal is warranted.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 4) and will **DIRECT** the Clerk of Court to **CLOSE** this case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**